RECEIVED

FEB 23 2000

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
FILED

FEB 23 2000

ROBERT H. SHEMWELL, CLERK
BY_____
DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

~~SHREVEPORT~~ *MONROE* DIVISION

ROBERT GUTHRIE #111980
_____

_____

_____

_____

Plaintiff(s) Full Name

DOCKET NO._____

# CVOO- 0330 M

SEC

## JUDGE JAMES

*MAGISTRATE JUDGE KIRK*

VERSUS

MOREHOUSE PARISH DETENTION
_____

CENTER through Officers
_____

BETTY WATSON, JEFF WOODALL, AND MOREHOUSE PARISH POLICE JURY

Defendant(s) Full Name

FILED:_____

DEPUTY CLERK:_____

42 USC § 1983
COMPLAINT

I. Previous Lawsuits;

A. Have you begun other lawsuits in state or federal court
dealing with the same facts involved in this action or
otherwise relating to your imprisonment? YES ( ) NO (X)

If your answer is "YES", describe each lawsuit in the space
below.(If there is more than one lawsuit, describe the
additional lawsuits on another piece of paper, using the
same outline.)
   1. Party(s) to this previous lawsuit:
   Plaintiff(s):_____*N/A*_____

   _____

   Defendant(s):_____*N/A*_____

   _____



2. Court (if federal court, name the district; if state court, name the parish): _____ *N/A* _____

3. Docket number: _*N/A*_____

4. Name of judge to whom case was assigned: ___ *N/A* ___

5. Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?): _*N/A*_____

6. Approximate date of filing lawsuit: _*N/A*_____

7. Approximate date of disposition: _*N/A*_____

II. Place of present Confinement: ___ *N/A* _____

A. Is there a prisoner grievance procedure in this institution? YES (X)
   NO ( )

B. Did you present the facts relating to your complaint in the state prisoner grievance procedure? YES ( )  NO (X)

C. If your answer is YES:

   1. What steps did you take? _*N/A*_____

   2. What was the result? _*N/A*_____

D.   If your answer is NO, explain why not: *The prison system is not responsible nor liable for the allegations raised within this complaint.*

III. Parties

(In item A below, place your name in the first blank and place your present address in the second blank. Do the same for additional plaintiffs, if any.)

A. Name of plaintiff: *Robert Guthrie #111980*

   Address: *670 Bell Hill Road, Homer, LA 71040-2150*

(In item B below, place the full name of the defendant in the first blank, his official position in the second blank, and his place of employment in the third blank. Use item C for the name positions, and places of employment of any additional defendants.)

B. Defendant *Betty Watson* is employed as *Correctional Officer* at *Morehouse Parish Detention Center*

2

C. Additional Defendants: *Correctional Officer Jeff Woodall, Morehouse Parish Dention Center.*

_____

_____

IV. Statement of Claim

State here briefly as possible the <u>facts</u> of your case. Describe how each defendant is involved. Include also the names of other persons involved, dates and places. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheet if necessary.)

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

3

## STATEMENT OF FACTS

1.    On or about February 25, 1999, I, Inmate Robert Guthrie #111980 was taken to E.A. Conway Hospital, Monroe, Louisiana By Correctional Officers Clarence Ferguson (herein "Sgt. Ferguson") and Scott Davidson (herein "Sgt. Davidson") of David Wade Correctional Center (WCC), Homer, Louisiana.

2.    After Guthrie's arrival at E.A. Conway, he was placed in a holding cell to await to be seen by the doctor.

3.    After waiting for an unspecified amount of time, Guthrie's name was called to be seen by the doctor.

4.    Guthrie was ordered to sit in the hallway next to Correctional Officer Betty Watson (herein "Sgt. Watson") of Morehouse Parish Detention Center.

5.    An unknown female inmate (herein "Jane Doe"), whom Sgt. Watson was escorting, started to flirt with Guthrie while Sgt. Watson was sitting within their presence.  Sgt. Watson never made any attempt to verbally reprimand Jane Doe.

6.    Guthrie's name was called to have an x-ray taken of his arm and a cast placed on his hand.  Afterwards, Guthrie was taken back to the holding cell, but as he passed Jane Doe and Sgt. Watson, Jane Doe whistled very softly at Guthrie.

7.    Guthrie was waiting to be returned to (WCC), but Jane Doe had a clear view of the holding area where Guthrie was.

8.    Jane Doe was given a direct order to sit in some chairs facing the wall so she would not be able to see Guthrie by Sgt. Watson.

9.    Approximately two hours later, Sgt. Ferguson and Davidson advised all (WCC) inmates that they would be leaving and escorted them into the hallway

3a

Continued STATEMENT OF FACTS.....

out of the holding cell. Both officers then left (WCC) inmates unattended to get materials from the key that had to be returned from the hospital to (WCC).

10.   Guthrie later heard a loud voice and turned to see who was talking.

11.   Guthrie noticed that Sgt. Watson was speaking in a loud manner to him asking, "Why are you looking at this girl?"

12.   Guthrie responded to Sgt. Watson's question, "I don't know why you are screaming at me, if I'm doing something I shouldn't be doing tell one of the (WCC) officers who's escorting me."

13.   Thereafter, Morehouse Correctional Officer Jeff Woodall (herein "Sgt. Woodall") stood-up and said to Guthrie, "Come here right now."

14.   Guthrie responded to Sgt. Woodall as he walk in his direction that, "If either of you have a problem with my behavior you should bring it to the attention of one of the (WCC) officers and you should do it now."

15.   Sgt. Woodall then lodged at Guthrie with both hands for his neck and out of fear Guthrie raised the one free hand with the cast on it to shield himself from the attack and to get Sgt. Woodall's hands from around his neck.

16.   Sgt. Watson then joined Sgt. Woodall to continue with the attack against Guthrie.  Gutherie had leg shackles and a waist shackle with  handcuffs which handcuffs both individual hands and limits a prisoners movement, but at the time, Guthrie only had one hand handcuffed because the other hand was in a cast.

17.   Sgt's. Ferguson and Davidson were returning as the attack against Guthrie was being conducted and surprisingly asked Sgt's. Watson and Woodall, "What the hell are yall doing?"

3b

Continued STATEMENT OF FACTS.....

18. Sgt. Woodall responds saying that Guthrie cursed Sgt. Watson.

19. The matter was discussed between Correctional Officers Ferguson, Davidson, Watson, and Woodall. Guthrie was then transported back to (WCC).

# CAUSES OF ACTION

### FIRST CAUSE OF ACTION

The actions of defendants Watson and Woodall in using physical force against the plaintiff without need or provocation, or in failing to intervene to prevent the misuse of force, were done maliciously and sadistically and constituted cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution.

### SECOND CAUSE OF ACTION

The actions of defendants Watson and Woodall in using physical force against the plaintiff without need or provocation constituted the tort of simple assault; a violation of LSA–R.S. 14:38, and simple batter; a violation of LSA–R.S. 14:35, under the law of the State of Louisiana.

### THIRD CAUSE OF ACTION

The actions of defendants Watson and Woodall in using physical force against the plaintiff without need or provaction, or in failing to intervene to prevent the misuse of force, were done maliciously and sadistically because the plaintiff exercised his right to free speech in violation of the First Amendment of the United States Constitution.

### FOURTH CAUSE OF ACTION

That this Honorable Court invoke its pendent and supplemental jurisdiction and criminally prosecute defendants Watson and Woodall for the violations of criminal

statutes of the State of Louisiana, namely:  Simple Assault
(LSA-R.S. 14:38), Simple Battery (LSA-R.S. 14:35), and Malfeasance
In Office (LSA-R.S. 14:134).

### FIFTH CAUSE OF ACTION

That the Morehouse Parish Police Jury be held liable for
the actions of defendnats Watson and Woodall.

### SIXTH CAUSE OF ACTION

That the plaintiff be granted any and all other relief to
which he may be entitled.

V.  Relief.

WHEREFORE, plaintiff requests that the court grant the
following relief:

A.  Issue a declaratory judgment stating that:

1) The physical abuse of the plaintiff by defendants
Woodall, Watson, and the Police Jury violated the plaintiff's
rights under the 8th Amendment to the United States Constitution
and constituted an assault and battery under state law.

2) Defendants Woodall, Waston, and the Police Jury's
failure to take action to crub the physical abuse of prisoners
violated the plaintiff's rights under the 8th Amendment to
the United States Constitution and constituted an assault
and battery under state law.

3) Award compensatory damages jointly and severally
for physical and emotional injuries.

4) Award punitive damages against each defendant in
the amount of $200,000.00.

4.

5) Award litigation cost, attorney fees, and any and all other cost or fees entitled to the plaintiff.

6) Grant such other relief as it may appear that plaintiff is entitled.

Signed this 15th day of February, 2000.

s/ *Robert Guthrie*

Robert Guthrie #111980

I declare under penalty of perjury that the foregoing is is true and correct. Executed on this _15 TH_ day of February, 2000.

s/ *Robert Guthrie*

Robert Guthrie, Pro Se Movant

5.